UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HARRY ROSS RAPP,

      Plaintiff,

v.

SSM AGNESIAN HEALTH, KIMBERLY ROGERS, and PAT GUELL,

      Defendants.

Case No. 23-CV-1603-JPS

**ORDER**

  On November 28, 2023, Plaintiff Harry Ross Rapp ("Plaintiff"), proceeding pro se, filed this action against Defendants SSM Agnesian Health ("SSM"), Kimberly Rogers ("Rogers"), and Pat Guell ("Guell"), together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 2. On December 5, 2023, the Court screened the complaint and, finding that it lacked jurisdiction over the action as pleaded, allowed Plaintiff leave to amend the complaint to attempt to correct the jurisdictional shortcomings. ECF No. 6. At that time, the Court deferred ruling on Plaintiff's motion for leave to proceed without prepaying the filing fee. *Id.* The Court explained that "[i]f Plaintiff does not file an amended complaint . . ., or files one which remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee." *Id.* at 1.

  On December 26, 2023, Plaintiff filed his amended complaint. ECF No. 8. The amended complaint is largely identical to the original complaint. Plaintiff alleges the same facts: that Rogers asked Guell to take photos of Plaintiff's spouse (and Rogers's mother) Sandra while Sandra was suffering

from cancer at SSM, contrary to the facts that no consent release was signed and SSM had signs posted stating that photos could not be taken. *Compare* ECF No. 6 at 5 (citing ECF No. 1 at 3–5), *with* ECF No. 8 at 2–3. On these facts, Plaintiff continues to plead only state law claims. Specifically, as he did in the original complaint, he plausibly pleads claims of invasion of privacy, infliction of emotional distress, elder abuse, and negligence. *Compare* ECF No. 6 at 5 (citing ECF No. 1 at 4–5), *with* ECF No. 8 at 2–3. Finally, Plaintiff continues to aver that he is a citizen of Wisconsin and that Guell is a resident of Wisconsin. ECF No. 8 at 1.

As the Court explained in its screening order, for the Court to have jurisdiction over the state law claims that Plaintiff continues to plead, there must be full diversity of citizenship. ECF No. 6 at 6. That means that "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Id.* (quoting *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021)). The Court explained to Plaintiff that citizenship is not synonymous with residence but that in the absence of further information as to citizenship, it would assume that Guell is a citizen of Wisconsin. *Id.* at 6 & n.3 (quoting *Sykes v. Cook Inc.*, 72 F.4th 195, 203 n.1 (7th Cir. 2023)). The Court further explained that, regardless of Guell's citizenship, SSM is a citizen of Wisconsin because it is incorporated in Wisconsin. *Id.* at 6–7 (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) and *SSM Health Care Corporation*, Wis. Dep't of Fin. Inst., *available at* https://perma.cc/NR4T-8L8K (last visited Dec. 27, 2023)). Thus, because Plaintiff, too, is a citizen of Wisconsin, there was no full diversity of citizenship. *Id.* However, the Court allowed Plaintiff leave to amend to cure the jurisdictional deficiency. *Id.* at 9. In the amended complaint, Plaintiff provides no further information as to Guell's citizenship, nor does he omit

Guell and SSM from the amended complaint. ECF No. 8. Thus, there continues to be no full diversity of citizenship, and the Court therefore lacks diversity jurisdiction over this action.

However, as the Court also explained to Plaintiff in its screening order, despite the lack of diversity jurisdiction, the Court may still have federal question jurisdiction over this case if Plaintiff brings a claim "'under the Constitution, laws, or treaties of the United States' instead of or in addition to his state law claims." ECF No. 6 at 7 (quoting 28 U.S.C. § 1331 and *Roberts v. Smith & Wesson Brands, Inc.*, No. 22-CV-6169, 2023 WL 6213654, at *11 (N.D. Ill. Sept. 25, 2023) ("'A case arises under federal law within the meaning of § 1331' if (1) 'federal law creates the cause of action' or (2) 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'")).

The Court noted that Plaintiff's complaint did not state a federal claim, nor did his state law claims depend on the resolution of a substantial question of federal law. *Id.* at 7–9. Specifically, Plaintiff's complaint could not state a claim under the Health Insurance Portability and Accountability Act because that act confers no private right of action. *Id.* at 7 (citing *Ames v. Hutchinson*, No. 1:19-CV-04282-JRS-MPB, 2021 WL 1175148, at *7 (S.D. Ind. Mar. 29, 2021)). Plaintiff's complaint did not state a claim under 42 U.S.C. § 1983 because he did not demonstrate how any of the named defendants—who are all private actors—were acting under color of state law. *Id.* at 8 (citing, *e.g.*, *Telford v. Aurora Health Care, Inc.*, No. 22-3038, 2023 WL 5275918, at *1 (7th Cir. Aug. 16, 2023)). The Court could glean no other potential federal claim from Plaintiff's complaint as written, but it allowed him leave to amend, again, to cure the jurisdictional deficiency. *Id.* at 8–9.

As noted, Plaintiff's amended complaint is largely identical to his original complaint. He continues to plead only state law claims and he has made no effort to state a federal claim. Thus, the Court also lacks federal question jurisdiction over this action. As a result, the Court will dismiss this action without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee. The Court sympathizes with Plaintiff, but as it noted in its screening order, Plaintiff may still pursue these claims in state court. *Id.* at 10 ("Dismissal without prejudice would allow Plaintiff the ability to refile his case in state court.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.